**CLARK, Atty. Gen., v. DRAVO CORPORATION.**

**Civ. A. No. 5587.**

United States District Court
W. D. Pennsylvania.
March 28, 1949.

Daniel G. McGrath, of Washington, D. C., and Irwin A. Swiss, Asst. U. S. Atty., of Pittsburgh, Pa., for plaintiff.

Judson A. Crane, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This action is now before the Court on the motion of Plaintiff for judgment in its favor on the pleadings.

In paragraphs 3, 4, and 5 of the amended complaint, it is averred that in 1937 and in 1938, that the defendant entered into a written contract with Ludwig Kort of Hannover, Germany, under which Kort conveyed under his U. S. Patent Nos. 1759511 and 2030375 for improvements in a combined device of a ship's propeller enclosed by a nozzle, the right to manufacture and install "Kort Nozzles" throughout a certain defined territory for a definite period of time, in consideration for certain royalties. In paragraph 6, that from January 1, 1939 to April 15, 1941, there accrued to Kort royalties amounting to $32,214.69. In paragraph 7, that defendant paid said royalties during 1939, 1940 and 1941. In paragraph 8, that from the aforesaid payments to Kort, defendant neglected to withhold and pay to the bureau of Internal Revenue, income taxes in the amount of $5,214.88 for the years 1939, 1940 and 1941 in violation of Section 143, Title 26 U.S.C.A., as amended. In paragraph 9, that from April 16, 1941 until June 4, 1942, royalties accrued in the amount of $15,690.00. This amount was not paid to Kort but was credited to Kort's account by defendant. In paragraph 10, that defendant, March 12, 1942, paid to the Bureau of Internal Revenue, income taxes in the amount of $5,214.88 as described in paragraph 6 and on its books charged that amount to the accrued royalty account of Kort and credited defendant's account with the Bureau of Internal Revenue, leaving a balance of $10,475.12 in Kort's royalty account. In paragraphs 11 and 12, that on October 2, 1942, Leo T. Crowley, then Alien Property Custodian, issued Vesting Order No. 201, that by virtue of the above Order No. 201, the Alien Property Custodian found that all royalties in and to the aforesaid patents was property in which nationals of a foreign country or countries have

interests and thereby vested such property in the Alien Property Custodian to be held, used, sold, etc. in the interest and for the benefit of the United States. In paragraph 13, that on April 15, 1943, the defendant filed with the Alien Property Custodian a report under the provisions of the aforesaid contract that there had accrued and became payable to Kort, royalties in the amount of $15,690.00 for the period beginning April 16, 1941 and ending June 4, 1942; that said accrued royalties were backcharged $5,214.88 for income tax paid on Kort's account for the years, 1939, 1940 and 1941. In paragraph 14, that on April 2, 1943 the Alien Property Custodian made a demand upon defendant for the payment of royalties accrued in the amount of $15,-690.00 which demand has been renewed from time to time. In paragraph 15, that on April 13, 1943, the defendant in partial compliance with the Alien Property Custodian demands, paid $10,475.12; that this amount represented the balance of royalties accruing and payable to Kort for the years 1941 and 1942 after deduction of $5,-214.88 representing income taxes payable on royalty payments to Kort in 1939, 1940 and 1941 which the defendant claimed and now claims the right to set-off against royalties accruing during 1941 and 1942 and in paragraph 16, that defendant has refused to pay said balance of $5,214.88 due on the royalties for 1941 and 1942 wherefor this action is brought to recover the same with interest.

The defendant filed an answer thereto which contains a "Second Defense" which reads as follows:

"1. On May 10, 1940, the Secretary of the Treasury of the United States, pursuant to Executive Order No. 8389 [12 U.S.C.A. § 95a note], issued General License No. 5 authorizing the payment from any blocked account to the United States or any agency or instrumentality thereof, of taxes payable thereto by the owner of such blocked account.

2. The payment of Income Taxes on or about March 12, 1942, as alleged in paragraph 10 of the Amended Complaint and the charging of such amount to the accrued royalty account of Ludwig Kort, as alleged in paragraphs 10, 13 and 15 of the Amended

Complaint, were performed under and in full compliance with the said General License No. 5.

3. At the time of the issuance of Vesting Order No. 201, as alleged in paragraph 11 of the Amended Complaint, on October 2, 1942 the Defendant had in its possession accrued royalties payable to the said Ludwig Kort in the amount of $10,475.12. The said $10,475.12 was paid by the Defendant to Plaintiff's predecessor in office on April 13, 1943."

General License No. 5 issued May 10, 1940 reads as follows:

"A general license is hereby granted authorizing the payment from any blocked account to the United States or any agency or instrumentality thereof, or to any state, territory, district, county, municipality, or political subdivision in the United States, of customs duties, taxes, and fees payable thereto by the owner of such blocked account."

The defendant by virtue of the above General License No. 5, had the right to make the payment to the Bureau of Internal Revenue which it made on March 12, 1942 and such payment constitutes a defense to the claim of plaintiff in this case.

The motion by plaintiff for judgment on the pleadings should be refused.